UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

THE BOEING COMPANY, as statutory )
assignee on behalf of William Eklund, )
                               )
           Plaintiff        )
    vs.                       )     Case No.: 3:17-CV-639 RLM
                               )
BIOMET, INC., *et al.*,         )
                               )
         Defendants     )

## OPINION AND ORDER

William Eklund was implanted with a Biomet implant in his right hip in January 2006. He underwent revision surgery on that hip on June 30, 2014, and his suit was filed in a Washington state court on (Monday) July 3, 2017. After Biomet removed the case to federal court, the Judicial Panel on Multidistrict Litigation centralized the case here. Biomet moves for summary judgment based on the statute of limitations. For the reasons that follow, the court grants Biomet's motion.

Summary judgment is appropriate when "the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact." Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 391-392 (7th Cir. 2011). When no genuine issue of material fact exists, "the movant is entitled to judgment as a matter of law." Dunkin v. Appriss, Inc., 266 F. Supp. 3d 1103, 1106 (N.D. Ind. 2017). The movant has the burden of demonstrating to the court the basis for its motion that there exists no genuine issue of material fact. Celotex Corp v. Catrett,

477 U.S. 317, 323 (1986). In demonstrating this burden, the evidence must be viewed in the light most favorable to the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). When the movant has met its burden, the opposing party can't rely solely on the allegations in their pleadings but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor." <u>Marr v. Bank of America, N.A.</u>, 662 F.3d 963, 966 (7th Cir. 2011); see also <u>Steen v. Myers</u>, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting <u>Hammel v. Eau Galle Cheese Factory</u>, 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.")). The non-moving party can't rely on conclusory allegations. <u>Smith v. Shawnee Library System</u>, 60 F.3d 317, 320 (7th Cir. 1995). Failure to prove an essential element of the alleged activity will render other facts immaterial. <u>Celotex v. Catrett</u>, 477 U.S. at 323; <u>Filippo v. Lee Publications, Inc.</u>, 485 F.Supp.2d 969, 972 (N.D. Ind. 2007) (the non-moving party "must do more than raise some metaphysical doubt as to the material facts; he must come forward with specific facts showing a genuine issue for trial.").

Because this case was filed in Washington, the court looks to the state of Washington's choice of laws rules to decide what statute of limitations governs the case. *See* <u>In re Air Crash Disaster Near Chicago</u>, 644 F.2d 594, 610 (7th Cir. 1981). All the pertinent events in this case occurred in Washington, except for the

design and manufacture of the artificial hip, which occurred in Indiana. Washington courts apply the "most significant relationship" test when deciding which state's law applies, <u>Rice v. Dow Chemical Co.</u>, 875 P. 2d 1213, 1217 (Wash. 1994), and the state of Washington has the most significant relationship to this case. The court looks to Washington's statute of limitations.

The Washington Product Liability Act requires that suit be brought within three years of when a plaintiff "discovered or in the exercise of due diligence should have discovered the harm and its cause." Wash. Rev. Code § 7.72.060(3). Biomet claims that Mr. Eklund knew, or through the exercise of due diligence should have known, of his claim no later than January 2014 – three and a half years before he filed suit.

Mr. Eklund's hip had begun to squeak and caused him pain by April 2009. On several occasions after that, his doctors advised him to have revision surgery. Mr. Eklund decided in September 2011 that he should have revision surgery, but he put it off because of other health issues. On January 8, 2014, Mr. Eklund's doctor recommended revision surgery because it would decrease the chances of metal debris being generated in his right hip and did decrease the likelihood of the tissue in his right hip reacting to metal debris. Mr. Eklund testified that from that advice, he understood that metal-on-metal debris could cause problems; the doctor's statements "hit home."

Mr. Eklund underwent revision surgery on his right hip on June 30, 2014. Following that, his doctor told him there was significant mental debris in his hip, and that the debris was damaging the bone. Boeing Company, Mr. Eklund's statutory assignee, filed suit on July 3, 2017.

Boeing argues that Mr. Eklund wasn't sure enough of the nature of his claim because his doctor never used the terms metallosis, oseolysis, pseudo-tumors or fluid collections, and because Mr. Eklund believed what his doctor told him was only a guess, with certainty impossible until the revision surgery occurred.

Washington law does not view a claim as accruing when the injured party becomes certain of what happened; the claim accrues when the plaintiff discovers, or in the exercise of due diligence should discover, the harm and its cause. For example, in Holbrook v. Link-Belt Constr. Equipment Co., 12 P.3d 638 (Wash. App. 2000), the plaintiff had examined the place his log loader's cab separated from the chassis and suspected the weld had been done improperly. But he wasn't sure until an expert confirmed it. The Washington Court of Appeals upheld the grant of summary judgment on statute of limitations grounds, explaining, "Holbrook cites no authority to support his proposition that a claimant discovers the cause of the harm only when he or she is 'absolutely certain' of the cause. And we decline Holbrook's implicit invitation to adopt such a rule judicially ... ." 12 P.3d at 645.

Mr. Eklund had reached the necessary level of knowledge by January 2014 when his doctor told him that he should have the hip implant removed because of the likelihood of local tissue reaction to metal debris from the metal-on-metal implant. At that point, Mr. Eklund knew he had been injured and had reason to know what had injured him. The doctor didn't have to use diagnostic terms like metallosis, oseolysis, pseudo-tumors, or fluid collections for Mr. Eklund to grasp what had probably happened to him.

For these reasons, the court concludes that Boeing filed its claim too late, and GRANTS Biomet's motion for summary judgment [Doc. No. 39]. The clerk shall enter judgment for the defendants.

SO ORDERED.

ENTERED:    December 18, 2018

_____/s/ Robert L. Miller, Jr._____
Judge, United States District Court